IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY LONGMYER,           )
                            )
            Plaintiff,      )
                            )   CIVIL ACTION
v.                          )
                            )   No. 08-2428-CM-GBC
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
            Defendant.      )
_____)

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act). Finding error in the Commissioner's credibility determination, the court recommends the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this opinion.

I.  **Background**

Plaintiff applied for DIB and SSI in September 2005, alleging disability beginning July 18, 2005. (R. 14). His

applications were denied initially and upon reconsideration, and plaintiff sought a hearing before an Administrative Law Judge (ALJ). Id. An ALJ hearing was held at which plaintiff was represented by an attorney, and testimony was taken from plaintiff, a medical expert (ME), and a vocational expert (VE). (R. 14, 605-42). After the hearing additional evidence was received from the Department of Veteran's Affairs (VA), plaintiff was referred for a consultative examination, and a report of that examination was received into evidence. (R. 569-80).

ALJ Linda L. Sybrant issued a decision on February 4, 2008, in which she found that although plaintiff is unable to perform his past relevant work, he is able to perform a significant number of jobs in the economy and is, therefore, not disabled within the meaning of the Act. (R. 14-21). She denied his applications. (R. 21).

Plaintiff disagreed with the decision, submitted additional evidence for the Appeals Council's consideration, and sought review of the decision. (R. 10, 594-604). The Appeals Council considered plaintiff's arguments and the additional evidence, found no reason to review the ALJ decision, and denied review. (R. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner. Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of the decision.

**II. Legal Standard**

42 U.S.C. § 405(g) guides the court's review of a final decision by the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). It provides that "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the Commissioner's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional

capacity (RFC).  20 C.F.R. §§ 404.1520, 416.920.  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Here, plaintiff claims error in the ALJ's credibility determination; in the weight assigned the opinion of plaintiff's treating physician, Dr. Michael Smith; and in the ALJ's reliance upon the VE testimony.  In response, the Commissioner argues that the credibility determination was proper; that the ALJ properly assigned greater weight to the ME opinion and provided sufficient rationale to discount Dr. Smith's opinion; and that the ALJ properly relied upon the VE testimony.  Because the court finds error requiring remand in the credibility determination, it only briefly addresses the evaluation of the medical opinions and does not address reliance upon the VE testimony.

**III. The Credibility Determination.**

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Hackett, 395 F.3d at 1173(quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)).

Moreover, the Tenth Circuit Court of Appeals has condemned the practice of dismissing plaintiff's allegations of symptomology on the strength of a boilerplate recitation of the law. White, 287 F.3d at 909(citing Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995) (where the ALJ merely notes the law governing assessment of credibility, discusses the evidence in general terms, and finds in a conclusory fashion that the evidence does not support plaintiff's allegations of disabling severity, remand is necessary to allow the ALJ to make specific findings linking her credibility findings to the evidence)).

In evaluating credibility, the court and the Commissioner have recognized a non-exhaustive list of factors which should be considered. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987); see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)(similar factors). These factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler, 68 F.3d at 391(quoting Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993).

Plaintiff claims the ALJ's credibility determination is not supported by substantial evidence in the record as a whole. (Pl. Br. 15). He cites to record evidence which in his view is relevant to the factors for evaluating credibility and establishes that plaintiff's allegations are credible. (Pl. Br. 15-19). He specifically notes that the ALJ stated plaintiff was taking only Tylenol for headache pain, but that the evidence shows, and plaintiff testified, that a VA physician had prescribed gabapentin for his headaches. Id. at 17. The Commissioner argues that the ALJ's credibility determination was correct, and points to evidence which in his view supports the ALJ's finding. (Comm'r Br. 6-8). He acknowledges plaintiff's

testimony, and the VA physician's prescription of gabapentin for plaintiff's headaches, but argues:

> Considering Plaintiff had used over-the-counter Tylenol for two years and reported that it eased his headache within 30 minutes, the ALJ appropriately evaluated Plaintiff's headaches. Conditions that are effectively controlled with medication cannot serve as a basis for disability.

Id. at 7-8.

In the decision, the ALJ summarized plaintiff's testimony regarding the symptoms and limitations resulting from his impairments. (R. 18-19). She determined that plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged. (R. 19). She concluded, however, that plaintiff's "statements concerning the extent, intensity, persistence and limiting effects of these symptoms are not entirely credible, as the evidence demonstrates that he is able to function adequately to work despite his alleged symptoms and limitations." Id.

Next, the ALJ summarized the record evidence, noting the evidence regarding plaintiff's beating in July 2005, his injuries, and his subsequent surgery to treat an hematoma. Id. She concluded, "A follow-up CT scan showed improvement in the hematoma, and a physical examination noted intact motor strength and a non-spastic gait." Id. She also summarized the treatment records, and the medical opinions provided by Dr. Schemmel, the non-treating consultant psychologist; Dr. Smith, plaintiff's

-8-

treating psychiatrist; and Dr. Goren, the neurologist who testified as a medical expert (ME) at the hearing. (R. 19-20). The ALJ noted no evidence of significant side effects from medication and that plaintiff's work history showed "a number of job changes and a significant drop in income in recent years, suggesting that he is not highly motivated to work." (R. 20). Finally, she noted that she "cannot give great weight" to Dr. Smith's report for the same reasons the ME discounted the report. Id.

The decision must be remanded because the credibility determination is just a conclusion in the guise of findings, and the ALJ did not affirmatively link the credibility determination to substantial evidence in the record. Rather, she followed the practice condemned in Kepler and recognized in White--she merely noted the law governing assessment of credibility, discussed the evidence in general terms, and found in a conclusory fashion that the evidence shows that plaintiff is able to work. Although the ALJ summarized some of the record evidence, she did not specifically cite or explain what evidence it is that demonstrates that plaintiff is able to work. Therefore, remand is necessary to allow the ALJ to make specific findings linking her credibility findings to the record evidence.

Moreover, as plaintiff points out, one of the factors upon which the ALJ appears to rely (that plaintiff takes only over-

the-counter Tylenol for headache pain relief) is contrary to the record evidence.  Although the record might support a finding that plaintiff only took over-the-counter extra-strength Tylenol to relieve his headache pain before October 1, 2007, plaintiff testified, and the record confirms that on October 1, 2007 plaintiff had a visit with a VA neurologist who prescribed gabapentin for the headache pain.  (R. 557, 570-71, 614-15). Despite that the ALJ did not discuss this ambiguity and stated that plaintiff takes "<u>only</u>" Tylenol, the Commissioner argues, "Considering Plaintiff had used over-the-counter Tylenol for two years and reported that it eased his headache within 30 minutes, the ALJ appropriately evaluated Plaintiff's headaches."  (Comm'r Br. 8).

The problem with the Commissioner's rationale, is that it was not relied upon by the ALJ.  The decision contains no reference to gabapentin, and although the ALJ was present when plaintiff testified he was prescribed gabapentin for headaches, she relied upon a contrary assertion.  Thus, it is not clear whether she considered the use of gabapentin at all or whether she forgot plaintiff's testimony and did not consider the medical records showing use of gabapentin.

A decision of the Commissioner must be evaluated based solely on the rationale provided therein.  <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084 (10th Cir. 2004).  The court may not accept

counsel's post hoc rationalization and affirm the decision on a basis other than that presented in the Commissioner's decision. SEC v. Chenery Corp., 318 U.S. 80 (1943); see also, Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005)(reviewing court may not create post hoc rationalization); Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985)(decision may not be affirmed on basis of appellate counsel's post hoc rationalizations).

**IV. Weighing the Medical Opinions**

Because the ALJ's weighing of the medical opinions may be related to her credibility determination, the court finds it is necessary to briefly address proper evaluation of the medical opinions in this circumstance. As plaintiff's brief suggests, the ALJ determined to discount Dr. Smith's treating source opinions for the same reasons the ME had done so--because Dr. Smith's treatment notes and GAF score assessments are inconsistent with his opinion of disability. (R. 20). Moreover, the ALJ summarized the opinions of Dr. Schemmel, consultant psychologist, and Dr. Goren, the ME as follows:

> Dr. Schemmel concluded that claimant appeared able to maintain activities of daily living at an appropriate level, that he interacted appropriately with others, and that he appeared able to understand and follow instructions. He gave claimant a global assessment of functioning score of 68, representing a mild impairment in functioning. (24F)
>
> To help assess the severity of claimant's impairments, the undersigned obtained the testimony of the medical expert, Dr. Herschel Goren, who testified that the evidence establishes that claimant made a good recovery

-11-

>     from the assault, that surgeries resolved the hematoma
>     and repaired the jaw fracture, and that intact
>     neurological findings reflected that claimant had no
>     severe residual impairment from his head injury.  He
>     stated that he would not be surprised if claimant had
>     residual headaches as alleged but advised that there
>     was no evidence of record of their frequency or
>     severity and therefore no way to quantify them.  He
>     testified that mentally the global assessment of
>     functioning score showed a moderate impairment in
>     functioning.  He also discussed a recent report from
>     the treating psychiatrist Dr. Smith (22F) that
>     concludes that claimant is disabled due to post-
>     traumatic stress.  Dr. Goren testified that the low
>     level of functioning described in that report were
>     [sic] not supported by the underlying evidence or the
>     previous global assessment of functioning score given
>     by the same Dr. Smith, opining that the evidence would
>     support a finding that claimant would be able to work
>     so long as not required to perform high production work
>     or work requiring more than superficial interaction
>     with others.

(R. 19-20).

This evaluation of the medical reports and medical opinions appears immediately following the ALJ's finding that plaintiff's allegations are not credible because the evidence shows that he is able to work.  Although the Commissioner does not make the argument, this evaluation might be viewed as the ALJ's attempt to affirmatively link the evidence with the credibility finding. She may be saying that the evidence shows plaintiff is able to work because Dr. Schemmel and Dr. Goren opined that plaintiff is able to work.  A fair reading of the decision reveals that the ALJ assigned greater weight to Dr. Goren's opinion than to Dr. Smith's opinion, and the parties' briefs reach the same conclusion.  (Pl. Br. 19-20)(ALJ erred in according greater

-12-

weight to Dr. Goren's testimony); (Comm'r Br. 9-11)(ALJ agreed with Dr. Goren, and the opinions of Drs. Schemmel, Schulman, and Goren support the ALJ's assessment of Dr. Smith's opinion).

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(d), 416.927(d); <u>Soc. Sec. Ruling</u> (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2009). A physician who has treated a patient frequently over an extended period of time (a treating source)[1] is expected to have greater insight into the patient's medical condition. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." <u>Id.</u> at 763 (citing <u>Reid v. Chater</u>, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of nontreating sources are generally given more weight than the opinions of nonexamining sources who have merely reviewed the

---

[1]The regulations define three types of medical sources:
   "Treating source:" a medical source who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.
   "Nontreating source:" a medical source who has examined the claimant, but never had a treatment relationship. Id.
   "Nonexamining source:" a medical source who has not examined the claimant, but provides a medical opinion. Id.

-13-

medical record. Robinson, 366 F.3d at 1084; Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

If the treating source opinion is not given controlling weight, the inquiry does not end. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. "When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports 'to see if [they] 'outweigh[]' the treating physician's report, not the other way around.'" Goatcher, 52 F.3d at 289-90(quoting Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir. 1988)). "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Watkins, 350 F.3d at 1301 (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

Here, the ALJ did not engage in proper weighing of the medical opinions, did not assign specific weight to each of the medical opinions, and did not explain as required by law why the opinions of the non-examining, and non-treating sources should outweigh the opinion of the treating physician. Thus, even if the ALJ intended her understanding of the medical opinions to establish that plaintiff is able to work, she did not properly explain her evaluation of the medical opinions, and remand is necessary for proper evaluation of the medical opinions and proper explanation how the opinions were weighed.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and that judgment be entered pursuant to the fourth

sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 13th day of October 2009, at Wichita, Kansas.

s:/  Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**